UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMIGRANT MORTGAGE CO.,

        Plaintiff,

                                CASE NO: 07-CV-14282

-vs-

                                PAUL D. BORMAN

NEIL LUND, ET AL.,                  UNITED STATES DISTRICT JUDGE

        Defendants.
_____ /

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT EQUAL MORTGAGE COMPANY, INCORPORATED

The matter before the Court is Plaintiff Emigrant Mortgage Company, Inc.'s ("Plaintiff") February 27, 2008, Motion for Default Judgment against Defendant Equal Mortgage Company, Inc ("Equal Mortgage"). Defendant Equal Mortgage has not responded to the Motion. A hearing was held on April 9, 2008. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

### I. BACKGROUND

Plaintiff, a corporation organized under the laws of New York, with its principal place of business located in New York, New York, is a national residential mortgage lender. (Compl. ¶ 1). Defendants Neil Lund and Denise Lund ("the Lunds") are individuals who reside in Michigan. (*Id.* 2). Defendant Equal Mortgage is a mortgage company whose principal place of business is Warren, Michigan. (*Id.* ¶ 3).

Plaintiff contends that on and before February 2005, the Lunds owned and lived in a house located at 5820 Lakeview, Orchard Lake, Michigan. (*Id.* ¶ 6). At that time, the property was encumbered by a mortgage secured by a note given to First Nationwide Mortgage Corporation in

the amount of $550,000. (*Id*.). The note was then assigned to California Federal Bank and duly recorded. (*Id*. ¶ 7). California Federal Bank was then acquired by Citibank (West) FSB. (*Id*.).

In September 2002, the Lunds failed to make payments under the note and fell into default. (*Id*. ¶ 8).

On about April 20, 2004, the Lunds, in connection with D. Scott Heineman, Kurt F. Johnson and the Dorean Group, prepared a "Notice of Intent to Correct Title" which was recorded at the Office of the Register of Deeds for Oakland County, Michigan. (Compl. ¶ 9 & Ex. A, "Notice of Intent).

Plaintiff alleges that in the document, Heineman and Johnson held themselves out to agents or attorneys for Citibank, and threatened Citibank with forfeiture of the mortgage on the property if they did not provide certain disclosure within 10 days. (*Id*. ¶ 10). Citibank took no action. (*Id*.)

On June 1, 2004, the Lunds allegedly directed Heineman and Johnson to execute and record a document which purported to release Citibank's mortgage interest in their property. (*Id*. ¶ 11 & Ex. B, "Discharge of Mortgage"). On July 30, 2004, this document was recorded in the Office of the Register of Deeds for Oakland County, Michigan. (*Id*. ¶ 11). The mortgage was then discharged and canceled at the Lund's direction. (*Id*. ¶ 12).

Plaintiff contends Neil Lund then subsequently applied for a mortgage through Equal Mortgage, and represented that the property was not encumbered by a mortgage. (*Id*. ¶ 13 & Ex. C "Residential Loan Application").

The application was then submitted to Plaintiff, who in reliance on the "Discharge of Mortgage" document as well as the Lund's Residential Loan Application, loaned Mr. Lund $600,000 secured by a first mortgage on the property. (*Id*. ¶ 14; Exs. D "Adjustable Rate Mortgage"

2

& E "Mortgage").

On October 31, 2005, Citibank filed suit in Oakland County against the Lunds, Plaintiff and others to foreclose its mortgage and set aside the fraudulent discharge. (*Id*. ¶ 15). On August 7, 2006, Citibank was awarded judgment, and the court held that the discharge was fraudulent and without any legal effect. (*Id*.). The court also held that Plaintiff's mortgage was subordinate to Citibank's mortgage. (*Id*.). Plaintiff avers that Heineman and Johnson have since been indicted by the Grand Jury on charges relating to a "national mortgage-elimination scheme." (*Id*. ¶ 16).

On October 10, 2007, Plaintiff filed the instant Complaint against Defendants Neil Lund, Denise Lund, and Equal Mortgage. Plaintiff alleges in its Complaint:

1. Breach of Contract (against Neil Lund)
2. Common Law Fraud (against the Lunds)
3. Civil Conspiracy (against the Lunds)
4. Breach of Warranty (against Equal Mortgage)

On December 12, 2007, the Lunds filed an Answer to the Complaint. (Dkt. No. 6). Equal has not filed a Response or an appearance in this action.

On February 27, 2008, Plaintiff filed the instant Motion for Default Judgment against Equal Mortgage. (Dkt. No. 10). On March 3, 2008, Plaintiff requested the Clerk enter a Default against Equal Mortgage pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 12). This request was entered by the Clerk that same day. (Dkt. No. 13).

## II.  ANALYSIS

### 1.  Legal Standard

Federal Rule of Civil Procedure 55(b) regulates the entry of default judgments. Pursuant to Rule 55(b)(2), when the amount is not for a sum certain, default judgment may be entered as follows:

> (2) By the Court. In all other cases the party entitle to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative, who has appeared therein . . . .

Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2685 (3rd 3d. 1998) (collecting cases). After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded. *See id.* § 2688 (collecting cases).

### 2. Default

Plaintiff filed the instant Complaint on October 10, 2007. Equal Mortgage was served with the summons and Complaint by certified mail, return receipt requested, on October 23, 2007. Equal Mortgage received the summons and Complaint on October 24, 2007. (Plf. Br. Ex. A, "Return of Service").

Plaintiff argues that pursuant to Fed. R. Civ. P. 12(a), Equal Mortgage was required to answer or respond to the summons and Complaint within 20 days of service. As Equal Mortgage has failed to respond or make any appearance in the present action, Plaintiff avers that a Default Judgment is appropriate.

Plaintiff submitted the affidavit of James Raborn, Vice President and Director of Foreclosure and Real Estate owned by Emigrant Bank, to evidence the damages Plaintiff is entitled to against Equal Mortgage. (Dkt. No. 15, Ex. A, Raborn Aff. ¶ 1). Mr. Raborn attests that he has personal

knowledge of the Note and Mortgage signed by Defendants Neil and Denise Lund. (*Id.* ¶ 2). Mr. Raborn also sets forth the sums that are due and owing on the Note and Mortgage in question, in the amount of $813,239.66.

The Court finds this evidence to be convincing in relation to Plaintiff's allegations, and therefore, will enter a default judgment against Equal Mortgage in that amount.

### III. CONCLUSION

Therefore, as Equal Mortgage has failed to make any appearance in this case, or respond to the Complaint and summons, and Plaintiff has submitted an affidavit evidencing the damage Plaintiff has sustained, the Court **GRANTS** Plaintiff's request for Default Judgment (Dkt. No. 10) against Defendant Equal Mortgage for the sum of $813,239.66.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 10, 2008.

s/Denise Goodine
Case Manager